UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JOHN W. STONE OIL DISTRIBUTOR, LLC | * | CIVIL ACTION |
| | * | NO. _____ |
| Plaintiff | * | SECTION NO. "\_\_\_" |
| versus | * | MAGISTRATE DIV. (  ) |
| KIRBY CORPORATION, PENN MARITIME INC. and BISSO TOWBOAT CO., INC., *in personam*, and M/V LUCIA, BARGE CARIBBEAN, and M/V WILLIAM S, their respective engines, boilers, tackles, etc., *in rem* | * | |
| | * | |
| | * | |
| Defendants | * | |

\*   \*   \*   \*   \*   \*   \*   \*

**VERIFIED COMPLAINT**

TO THE HONORABLE, THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF LOUISIANA:

The Complaint of John W. Stone Oil Distributor, LLC ("Stone") on its own behalf and on behalf of its underwriters as their interest may appear (hereinafter sometimes collectively referred to as "plaintiff") against Kirby Corporation ("Kirby"), Penn Maritime, Inc. ("Penn"), and Bisso Towboat Co., Inc. ("Bisso"), *in personam,* and M/V LUCIA, BARGE CARIBBEAN and M/V WILLIAM S, their respective engines, boilers, tackles, etc., *in rem*, (hereinafter sometimes referred to as "defendants") in a cause of property loss and/or damage, civil and maritime, alleges upon information and belief, as follows:

1.

At all times pertinent hereto, plaintiff, Stone, was and now is a corporation or other legal entity duly organized, created and existing pursuant to the laws of one of the States of the United

States with its principal office and place of business located in Terrytown, Louisiana.

2.

At all times pertinent hereto, defendant, Kirby, was and still is a corporation or other legal entity, duly organized, created and existing pursuant to the laws of one of the states of the United States with its principal place of business located in Houston, Texas.

3.

At all times pertinent hereto, defendant, Penn, was and still is a corporation or other legal entity, duly organized, created and existing pursuant to the laws of one of the states of the United States, with its principal place of business located in Houston, Texas.

4.

At all times pertinent hereto, defendants, Kirby and Penn, owned and/or operated and/or chartered a number of vessels and were at all times pertinent hereto the owners and/or operators and/or charterers and/or managers of the articulated tug and barge ("ATB") consisting of the Tug LUCIA and the Barge CARIBBEAN, both of which can be regularly found within this District (hereinafter, "ATB LUCIA/CARIBBEAN.")

5.

At all times pertinent hereto, defendant, Bisso, was and still is a corporation or other legal entity, duly organized, created and existing pursuant to the laws of the state of Louisiana, with its principal place of business in Luling, Louisiana, owning and/or operating and/or chartering a number of vessels, and was at all times pertinent hereto the owner and/or operator and/or manager and/or charterer of the Tug WILLIAM S, which can be regularly found within this District.

6.

At all times pertinent hereto, defendants, Kirby, Penn and Bisso, were and still are doing business in this district and within the jurisdiction of this Honorable Court.

7.

Venue is proper in this Honorable Court, pursuant to 28 U.S.C. §1392(b)(2).

8.

On January 15, 2016, defendants, Kirby and Penn, were operating the ATB LUCIA/CARIBBEAN, in the Lower Mississippi River, near mile marker 96.5.

9.

On January 15, 2016, at approximately, 0020 local time, the ATB LUCIA/CARIBBEAN was upbound in the Mississippi River, and was attempting a "topping around" maneuver, with the assistance of the tugboat WILLIAM S, in order to place the ATB LUCIA/CARIBBEAN into position for a downbound transit to the Buck Kriehs marine repair berth located on the right descending bank of the Mississippi River, near mile marker 92.1 LMR. During said maneuver, aforesaid tugs lost control of the ATB LUCIA/CARIBBEAN, resulting in it alliding with an oil transfer and storage facility owned and operated by Stone, located on the right descending bank of the Mississippi River near mile marker 96.5 in Gretna, Louisiana, and with multiple barges moored at said facility. Prior to the allision, said facility and barges were in all respects in sound condition, fully operational and properly manned and maintained. As a result of the accident, the Stone facility sustained substantial damage, and several tank barges were knocked free of their moorings and became adrift in the Mississippi River. Said tank barges floated downriver, causing additional damages.

10.

In addition, as the sole, direct result of said negligence of defendants and/or the unseaworthiness of the ATB LUCIA/BARGE CARIBBEAN and/or WILLIAM S in causing the allision, pollutants were allegedly released or were at risk of release into the Mississippi River from the damaged Stone facility and/or tank barges. Stone and its pollution liability insurer were required to, and did, incur the additional expense of taking pollution prevention/mitigation precautions, all of which were the direct result of the ATB LUCIA/CARIBBEAN alliding with the Stone facility and tank barges, and/or the resulting breakaway.

11.

Defendants were negligent or otherwise at fault in causing the allision for the following, non-inclusive reasons:

 a. Failure to properly plan and communicate the maneuver to turn ATB LUCIA/BARGE CARIBBEAN and WILLIAM S around in the Mississippi River;

 b. Failure to properly execute the maneuver to turn ATB LUCIA/BARGE CARIBBEAN and WILLIAM S around in the Mississippi River;

 c. Failure to timely and properly execute evasive maneuvers once it became apparent that ATB LUCIA/BARGE CARIBBEAN and WILLIAM S were not going to successfully complete the maneuver to turn ATB LUCIA/BARGE CARIBBEAN and WILLIAM S around in the Mississippi River;

 d. Failure to select and to provide proper vessels and equipment to execute the maneuver to turn ATB LUCIA/BARGE CARIBBEAN and WILLIAM S around in the Mississippi River;

 e. Failure to hire and properly train adequate and competent crew to execute the maneuver to turn ATB LUCIA/BARGE CARIBBEAN and WILLIAM S around in the Mississippi River; and

 f. Any and all other acts of negligence, unseaworthiness, statutory violations, and other fault that will be proven at trial of this matter.

12.

Defendants' committed statutory violations, and therefore, defendants are presumed to be at fault in causing all damages arising out of the allision.

13.

ATB LUCIA/CARIBBEAN and WILLIAM S were moving vessels that struck fixed objects, and therefore, ATB LUCIA/CARIBBEAN and WILLIAM S are presumed to be at fault in causing all damages arising out of the allision.

14.

This action is brought on behalf of and for the interest of all parties, including, but not limited to plaintiff's underwriters, who may be or may become interested in the claim herein referred to, as their respective interests may ultimately appear.

15.

By reason of the premises, plaintiffs have sustained a loss in the sum of ONE MILLION TWO HUNDRED THOUSAND ($1,200,000.00) AND NO/100 DOLLARS, as nearly as the same can now be estimated, no part of which has been paid, although duly demanded.

16.

By reason of the premises, plaintiff has a preferred maritime lien against the ATB LUCIA/CARIBBEAN, her engines, boilers, etc., for its aforesaid loss in the sum of ONE MILLION TWO HUNDRED THOUSAND ($1,200,000.00) AND NO/100 DOLLARS, with interest thereon and its costs and disbursements, and plaintiff is entitled to be paid by preference and priority from the sale of said vessel.

17.

By reason of the premises, plaintiff has a preferred maritime lien against the M/V WILLIAM S, her engines, boilers, etc., for its aforesaid loss in the sum of ONE MILLION TWO HUNDRED THOUSAND ($1,200,000.00) AND NO/100 DOLLARS with interest thereon and its costs and disbursements, and plaintiff is entitled to be paid by preference and priority from the sale of said vessel.

18.

This is an admiralty and maritime claim brought under 28 U.S.C. §1333, within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure for the United States District Courts.

19.

All and singular the matters aforesaid are true and correct.

**WHEREFORE**, plaintiffs pray:

1. That the Clerk of Court issue warrants for the arrest and seizure of the ATB LUCIA/CARIBBEAN, and the M/V WILLIAM S, their respective engines, boilers, tackles, *etc.*, and that all persons claiming any right, title or interest in said vessels be summoned to appear and to answer on oath all and singular the matters aforesaid, and that said vessels be condemned and sold to pay the demands as aforesaid, with interest, costs and disbursements;

2. That defendants, Kirby Corporation, Penn Maritime, Inc., and Bisso Towboat Co., Inc., be served with copies of this Complaint, together with summonses to appear and answer under oath all and singular the matters aforesaid;

3. That the Court will order, adjudge and decree that defendants Kirby Corporation, Penn Maritime, Inc., and Bisso Towboat Co., Inc., the ATB LUCIA/ CARIBBEAN and the M/V WILLIAM S pay to plaintiff the losses sustained by it, together with interest thereon and its costs and disbursements; and

4.  That plaintiff have such other and further relief in the premises as in law and justice it may be entitled to receive.

>  Respectfully Submitted,
>
>  **PUGH, ACCARDO, HAAS,
>  RADECKER & CAREY, LLC**
>
>  BY:  *Christopher E. Carey*
>  CHRISTOPHER E. CAREY, T.A. (#1751)
>  FREDERICK T. HAAS, III (#6393)
>  3300 Energy Centre
>  1100 Poydras Street
>  New Orleans, LA 70163
>  Telephone: (504) 799-4548
>  Facsimile: (504) 799-4520
>  ccarey@pugh-law.com
>  fhaas@pugh-law.com
>
>  And:
>
>  **MARSHALL, DENNEHEY, WARNER,
>  COLEMAN & GOGGIN**
>
>  BY:  *Daniel G. McDermott*
>  DANIEL G. McDERMOTT
>  Wall Street Plaza
>  88 Pine Street
>  21st Floor
>  New York, NY 10005-1801
>  Telephone: (212)376-6432
>  Facsimile: (212)376-6490
>  DGMcdermott@MDWCG.com
>
>  *Co-counsel for Plaintiff, John W. Stone Oil Distributor, LLC and its underwriters as their interests may ultimately appear*

## **VERIFICATION**

STATE OF LOUISIANA
PARISH OF ST. TAMMANY

BEFORE ME, the undersigned authority, personally came and appeared:

CHRISTOPHER E. CAREY (La. Bar. #1751),

who deposed and said that he is a Member in the firm of Pugh, Accardo, Haas, Radecker & Carey, LLC, attorneys for plaintiff herein; that he has read the foregoing Verified Complaint and knows the contents thereof, and that the same are true to the best of his knowledge and belief; that the sources of his knowledge and the grounds for his belief are various documents furnished to him by plaintiff.

_____
CHRISTOPHER E. CAREY (La. Bar. # 1751)

Sworn to and subscribed before me,
this 9th day of June, 2017.

_____
**NOTARY PUBLIC**
NOTARY NO: 25518

- 9 -

**Please issue Summonses and Certified Copies of Complaint for Service of Process As Follows:**

Kirby Corporation
Through its Registered Agent for Service of Process:
Corporation Service Company
211 East 7th Street, Suite 620
Austin, TX 78701

Penn Maritime, Inc.
Through its Registered Agent for Service of Process:
Corporation Service Company
501 Louisiana Avenue
Baton Rouge, LA 70802

Bisso Towboat Co., Inc.
Through its Registered Agent for Service of Process:
Scott T. Slatten
13969 River Road
Luling, LA 70070

**PLEASE WITHHOLD IN REM SERVICE OF PROCESS PENDING FURTHER NOTIFICATION FROM COUNSEL FOR PLAINTIFFS**

17711.1/Pleadings/17.06.09.Complaint.in rem.doc